IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CURTIS M. FOGLE,
      Plaintiff,

v.

UNITED STATES OF AMERICA,
      Defendant.

---

# COMPLAINT

---

COMES NOW, Plaintiff, Curtis M. Fogle, by and through the undersigned attorney, and hereby complains against the Defendant as follows:

## PARTIES

1. Plaintiff, Curtis M. Fogle, is a citizen of the United States of America who presently resides at the following address:

   1214 Belle Drive, Loveland, Colorado 80537

2. Defendant is the United States of America and is located at the following address:

   United States Attorney, Civil Process Clerk, 1225 Seventeenth Street, Suite 700, Seventeenth Street Plaza, Denver, Colorado 80202 and Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, District of Columbia 20530-0001.

## JURISDICTION

3. Jurisdiction is asserted pursuant to following statutory authorities:

Federal Tort Claims Act, 28 United States Code § 2674

4. Brief background of the case:

Mr. Fogle went to the Cheyenne Veterans' Administration (VA) Medical Center for cataract surgery on March 2, 2011. The VA doctor negligently injected the eye by using an undiluted dye, methylene blue, and as a result was unable to see the cataract and aborted the procedure. The VA doctor then referred Mr. Fogle to Dr. Robinson at Eye Center of Northern Colorado in Ft. Collins, Colorado because she was unable to perform the necessary tests required to determine and repair the damage she caused. Dr. Robinson performed a cornea transplant on Mr. Fogle. The cornea transplant was necessary as the cornea was destroyed when Dr. Stepp injected the undiluted dye into Mr. Fogle's eye. Mr. Fogle is still undergoing follow up treatment and future corrective measures are being sought. A claim was timely submitted to Department of Veteran's Affairs, Regional Counsel Office on February 27, 2013. (The form was dated February 25, 2013 but mailed on February 27, 2013 and received February 28, 2013. A different attorney represented Mr. Fogle at the time.) No final disposition was made within six months after it was filed. Therefore, Mr. Fogle deems this as a final denial as of August 27, 2013, pursuant to 28 United States Code § 2675(a).

## CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

5. Defendant committed Medical malpractice resulting in personal injury.

6. Mr. Fogle went to the Cheyenne Veteran's Administration Medical Center for routine cataract surgery on March 2, 2011.

7. Mr. Fogle was a military retiree and was not on active duty in the military at the time.

8. The doctor negligently used undiluted dye, methylene blue, during the procedure.

9. The undiluted dye is commonly known amongst doctors who perform cataract surgery to be improper and toxic and normally results in serious side effects.

10. Different dyes which are safe with low risk of side effects are commonly known by doctors in the field and are readily available.

11. The use of the undiluted dye was conduct below the standards of the medical profession in the community who perform cataract surgery.

12. Dr. Patricia D. Stepp at Cheyenne VA Medical Center was the primary doctor during the negligent operation.

13. Dr. Stepp and all other personnel who performed the operation were United States employees working at the VA.

14. The direct results of the surgery with the improper dye initially were a change in one eye's color, floaters appearing frequently, severely blurred vision in the effected eye, severe pain in the eye, inability to focus and severe headaches on a daily basis.

15. The above described symptoms are still present.

16. Mr. Fogle has been to two different doctors approximately five times for follow up diagnosis and treatment.

17. After March 2, 2011, Mr. Fogle suffered from change of the color of his eye, floaters in the eyeball, blurred vision, inability to focus, severe pain, constant

dilation of the eye, and severe headaches until present day as a result of the improper dye.

18. Mr. Fogle still suffers from change of eye color, floaters, severely blurred vision, inability to focus, constant dilation of his eye and severe headaches as a result of the improper dye.

19. The current symptoms of change of eye color and constant dilation of his eye are expected to be permanent.

20. There is possible help for the symptoms of blurred vision and severe headaches for which Mr. Fogle is still seeking treatment.

21. The likelihood of success, costs, and side effects of future procedures are unknown at this time.

22. Mr. Fogle was a partner in a family owned sheet metal business.

23. The business relied on Mr. Fogle both physically and administratively and Mr. Fogle was responsible for reading and interpreting blueprints and hanging duct.

24. As a result of Mr. Fogle's loss of vision, sensitivity to light, and daily headaches the business had to be dissolved because Mr. Fogle was no longer able to perform his duties and responsibilities.

25. The amount of lost income is unknown at this time.

### REQUEST FOR RELIEF

26. Plaintiff requests the following relief:

Mr. Fogle requests the Defendant be ordered to pay damages of $5,000,000 or other amount to be determined for general and special damages, for physical injuries, pain and suffering, emotional distress, loss of enjoyment of life, medical

costs, lost wages and income, and other out of pocket costs plus all allowable costs of the litigation, and future treatment, as well as all other relief the Court determines to be reasonable and just..

WHEREFORE, Plaintiff Curtis M. Fogle prays for entry of judgment for damages and relief as described above.

DATED at Colorado Springs, Colorado this 25th day of February, 2014.

Respectfully submitted,

_____
MICHAEL J. HARRIS
Attorney No., CO 38714
301 South Weber Street
Colorado Springs, Colorado 80903
(719) 635-2005