**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00486-REB-KLM

CURTIS M. FOGLE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER GRANTING MOTION TO CONTINUE TRIAL**

---

**Blackburn, J.**

This matter is before me on the **Unopposed Motion To Vacate Trial Setting and Related Deadlines** [#59][1] filed March 21, 2016. The motion is unopposed and is granted.

Currently, trial is scheduled to begin April 4, 2016. A combined Final Pretrial Conference and Trial Preparation Conference is set for April 1, 2016.

On March 8, 2016, the assigned magistrate judge issued a recommendation [#58] concerning the **Motion to Dismiss for Lack of Subject Matter Jurisdiction** [#51] filed by the defendant. The magistrate judge recommends that the motion to dismiss be granted. The plaintiff's objections, if any, to the recommendation are due March 22, 2016. Obviously, if I approve and adopt the recommendation, then the need for a trial is obviated. In addition, during the same week this case is set for trial, a trial in a criminal

---

[1] "[#59]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

matter is set to proceed before this judge. Criminal trial settings take precedence over civil trial settings.

The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

***United States v. Rivera***, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting ***United States v. West***, 828 F.2d 1468, 1470 (10th Cir. 1987)).[2] Applied to the present case, these factors augur toward a continuance of the trial and the combined Final Pretrial Conference and Trial Preparation Conference.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Unopposed Motion To Vacate Trial Setting and Related Deadlines** [#59] filed March 21, 2016, is granted;

2. That the combined Final Pretrial Conference and Trial Preparation Conference set April 1, 2016, and the trial set to begin April 4, 2016, are vacated and continued without date;

---

[2] In my civil practice standards, I specify that a motion to continue shall be determined pursuant to, *inter alia*, the ***West*** factors. *See* REB Civil Practice Standard II.F.2.

3.  That on **April 15, 2016,** at 10:00 a.m. (MDT), counsel for the parties shall contact the court's administrative assistant at **(303) 335-2350** to reschedule, if necessary, the combined Final Pretrial Conference and Trial Preparation Conference as well as the trial;

4.  That the trial, if necessary, shall be scheduled for four (4) trial days;

5.  That counsel for the plaintiff shall arrange and coordinate the conference call necessary to facilitate this telephone conference; and

6.  That the **Trial Preparation Conference Order** [#43] entered June 5, 2015, is amended and supplemented accordingly.

Dated March 22, 2016, at Denver, Colorado.

                                        **BY THE COURT:**

                                        */s/ Robert E. Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge